

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

JTE/PL AGR
2011R00148

August 29, 2014

Peter C. Harvey, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036

       Re: Plea Agreement with Charlie Chi
                   14-CR-687(CCC)

Dear Mr. Harvey:

       This letter sets forth the plea agreement between the United States Attorney for the District of New Jersey and the United States Department of Justice, by and through the Consumer Protection Branch (collectively, the "United States") and your client, Charlie Chi.

Charge

       Conditioned on the understandings specified below, the United States will accept a guilty plea from Charlie Chi to a three-count Information that charges Charlie Chi with the introduction into interstate commerce of medical devices that were adulterated (pursuant to 21 U.S.C. § 351(f)(1)(B)), in violation of 21 U.S.C. § 331(a), 333(a)(1), and 18 U.S.C. § 2. If Charlie Chi enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, the United States will not initiate any further criminal charges against Charlie Chi for the distribution of OtisKnee Orthopedic Cutting Guides medical device between May 2006 and November 2009. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Charlie Chi agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date

this agreement is signed by Charlie Chi may be commenced against him, notwithstanding the expiration of the limitations period after Charlie Chi signs the agreement.

Sentencing

The violations of 21 U.S.C. § 331(a) and 333(a)(1) to which Charlie Chi agrees to plead guilty each carry a statutory maximum prison sentence of 1 year and a statutory maximum fine equal to the greatest of: (1) $100,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. As such, the violations to which Charlie Chi agrees to plead guilty carry a statutory maximum prison sentence of 3 years. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Charlie Chi is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The United States cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Charlie Chi ultimately will receive.

Further, in addition to imposing any other penalty on Charlie Chi, the sentencing judge: (1) will order Charlie Chi to pay an assessment of $25 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order forfeiture pursuant to 18 U.S.C. § 982(a)(7); and (3) pursuant to 18 U.S.C. § 3583, may require Charlie Chi to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Charlie Chi be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Charlie Chi may be sentenced to not more than 1 year's imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release

supervision, and may be sentenced to an additional term of supervised release. The United States has agreed not to seek forfeiture.

### Rights of the United States Regarding Sentencing

Except as otherwise provided in this agreement, the United States reserves its right to take any position with respect to the appropriate sentence to be imposed on Charlie Chi by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the United States may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Charlie Chi's activities and relevant conduct with respect to this case.

### Stipulations

The United States and Charlie Chi agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this agreement. Thus, if the United States obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the United States shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the United States or Charlie Chi from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the United States' right to respond

to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the United States and Charlie Chi waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

Charlie Chi understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Charlie Chi understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Charlie Chi wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Charlie Chi understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Charlie Chi waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Consumer Protection Branch of the U.S. Department of Justice and cannot bind other federal, state, or local authorities. However, the United States will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Charlie Chi. This agreement does not prohibit the United States, any agency thereof (including the

Internal Revenue Service and the Department of Health & Human Services) or any third party from initiating or prosecuting any civil or administrative proceeding against Charlie Chi.

No Other Promises

This agreement constitutes the plea agreement between Charlie Chi and the United States and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: JACOB T. ELBERG
Chief
Health Care & Government Fraud Unit
U.S. Attorney's Office
District of New Jersey

ROSS S. GOLDSTEIN
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice

APPROVED:

THOMAS J. EICHER
Chief
Criminal Division
U.S. Attorney's Office
District of New Jersey

I have received this letter from my attorney, Peter C. Harvey, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 9/13/14
Charlie Chi


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 9/15/14
Peter C. Harvey, Esq.

- 6 -

<u>Plea Agreement with Charlie Chi</u>
<u>Schedule A</u>

1. The United States and Charlie Chi agree to stipulate to the following facts:

   a. The version of the United States Sentencing Guidelines effective November 1, 2013, applies in this case.

   b. The offense involved fraud, and §2B1.1 of the United States Sentencing Guidelines thus applies.

   c. Customers of OtisMed were sent invoices that totaled approximately $293,874.48 for the shipments of the cutting guides involved in the offense. The parties agree that, based upon the invoices in the United States' possession, the Court could find that offense involves a loss amount totaling approximately $293,874.48. The United States' position is that the invoices establish the loss amount. Charlie Chi's position is that the invoices are a factor that may be considered by the Court to establish the loss amount.

   d. The parties do not agree as to whether Charlie Chi was an organizer, leader, manager, or supervisor in the criminal activity constituting the offense.

   e. The parties do not agree as to whether the offense involved the conscious or reckless risk of death of serious bodily injury.

   f. The parties agree that the enhancement under §2B1.1(b)(9)(C) (based on the violation of a prior, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the United States Sentencing Guidelines) of the United States Sentencing Guidelines does not apply.

   g. As of the date of this letter, Charlie Chi has clearly demonstrated a recognition and affirmative acceptance of responsibility for the offense charged.

   h. As of the date of this letter, Charlie Chi has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently.

2. Charlie Chi knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls at or below 36 months' imprisonment. The United States will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above 24 months' imprisonment. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

3. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.